IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE SMITH *and* GARY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                    ) | CIVIL ACTION NO. 3:10-258 |
| ) | JUDGE KIM R. GIBSON |
| ) | |
| BRIDGESTONE RETAIL OPERATIONS, ) | |
| LLC *t/d/b/a* FIRESTONE COMPLETE ) | |
| AUTO CARE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

### I.    SYNOPSIS

This matter comes before the Court on the Motion for Summary Judgment (Doc. No. 32) filed by Defendant Bridgestone Retail Operations ("Defendant"), which Plaintiffs Darlene and Gary Smith (collectively, "Plaintiffs") oppose. For the reasons that follow, the Court will **GRANT** the motion.

### II.    JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Venue is proper under 28 U.S.C. § 1391(b)(2).

### III.    BACKGROUND

This action stems from the personal injuries Darlene Smith sustained in a single-automobile accident in Fauquier County, Virginia. Plaintiffs filed suit in the Court of Common Pleas of Blair County, Pennsylvania under theories of strict products liability, breach of warranty, and negligence contending that an unspecified defect in their vehicle's right rear tire—sold and installed by Defendant in Altoona—caused the accident. Defendant removed the case to this Court on October 12, 2010, and discovery was thereafter conducted.

On December 15, 2011, Defendant filed the instant motion for summary judgment (Doc. No. 32). In support of the motion, Defendant contemporaneously filed its brief (Doc. No. 33) and concise statement of material facts ("CSMF") (Doc. No. 34) with appendix of supporting exhibits (Doc. No. 32-2 – 32-6) as required by the Local Rules of the United States District Court for the Western District of Pennsylvania (the "Local Rules"). Plaintiffs filed a brief in opposition to the motion (Doc. No. 46) and a response to the CSMF (Doc. No 45). As discussed *infra*, Part V A, Plaintiffs' filings fail to: (1) comply with the Local Rules; and (2) adequately controvert the allegedly undisputed material facts contained in Defendant's CSMF. Accordingly, the following facts set forth in Defendant's CSMF are deemed admitted for the purpose of summary judgment.

On September 14, 2008, Plaintiffs were traveling along Interstate 66 in Fauquier County, Virginia in a 2005 Chevrolet Impala. (Doc. No. 34 at ¶ 1).[1] Darlene Smith lost control of the automobile, which left the roadway near mile marker 23.00. (*Id.*). She was injured in the crash and underwent successful spinal fusion surgery that same day. (*Id.* at ¶ 3). At the time of the accident, the right rear tire of the vehicle was a Firestone model FR380 (the "FR380 Tire") with over 13,000 miles of use. (*Id.* at ¶ 5). Defendant sold the FR380 Tire to Darlene Smith and installed it on her vehicle nine months prior to the crash. (*Id.*).

The FR380 Tire experienced a disablement (a rapid loss of air) as a result of a "localized road hazard impact"—i.e. from contacting an unidentified object. (*Id.* at ¶ 9). While a post-accident examination of the FR380 Tire reveals a rupture in its sidewall, (see *id.* at ¶ 5; Doc. No. 32-5 at 7),[2] the record does not indicate whether the disablement occurred before Darlene Smith

---

[1] Each of the first two numbered paragraphs of Defendant's CSMF are labeled paragraph "1." (See Doc. No. 34 at 2). The Court will treat these two paragraphs as one and cite to them collectively as "¶ 1."

[2] Photographs of this rupture are also included in Defendant's appendix of exhibits. (Doc. No. 32-3 at 1).

lost control of her vehicle or at some later time during or after the crash sequence. (See Doc. No. 34).

In its summary judgment motion, Defendant contends that Plaintiffs have presented no evidence to support their claim that an unspecified defect in the FR380 Tire caused a rupture and the ensuing accident. (See Doc. No. 32 at 2). Plaintiffs assert that summary judgment is inappropriate because there is sufficient circumstantial evidence from which a factfinder could infer that a defect caused the accident. (See Doc. No. 46 at 2). The parties also disagree over which state's substantive law—Virginia or Pennsylvania—controls. These issues have been fully briefed and are now ripe for adjudication.

## IV.   LEGAL STANDARD

"Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56 (a).[3] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing

---

[3] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" FED. R. CIV. P. 56 advisory committee's note, 2010 amend.

3

summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

## V.   DISCUSSION

The parties disagree as to whether: (1) Virginia or Pennsylvania substantive law governs this action; and (2) Plaintiffs have adduced sufficient evidence to survive summary judgment. Before examining these issues, the Court must address the deficiencies of Plaintiffs' summary judgment filings and the resultant consequences.

### A.   Local Rules on Summary Judgment

As a preliminary matter, Defendant contends that Plaintiffs failed to properly controvert the allegedly undisputed material facts contained in Defendant's CSMF. Specifically, Defendant argues that Plaintiffs' response (Doc. No. 45) to Defendant's CSMF does not comply with the Local Rules because it consists of five general conclusory paragraphs, which neither admit or deny the facts alleged in Defendant's CSMF, nor set forth the basis for any such admission or denial of fact with appropriate record citations. (See Doc. No. 48 at 2). In their brief, Plaintiffs do not specifically address the alleged shortcomings of their original response; instead, they request to amend their response "[i]f this Court feels that counsel for Plaintiffs has failed to properly address Defendant's assertions of facts in its [CSMF][.]" (Doc. No. 51 at 1-2). Plaintiffs' brief also contains fourteen numbered paragraphs—a proposed amended response to Defendant's

4

CSMF. (*Id.* at 2-4).

In *Kiser v. Potter*, No. 3:10-cv-22, 2012 U.S. Dist. LEXIS 47631 (W.D. Pa. Apr. 4, 2012), this Court recently detailed the Local Rules on summary judgment and the consequences of noncompliance. To wit:

> The Local Rules of this district provide explicit instructions on how litigants are to file and respond to motions for summary judgment. Local Rule 56.B requires that a motion for summary judgment set forth succinctly, but without argument, the specific grounds upon which the judgment is sought. LCvR 56.B. Moreover, the motion must be accompanied by:
>
>> (1) a CSMF setting forth in separately numbered paragraphs the facts essential to the Court's decision which the moving party contends are undisputed and material (with citations to the record to support the party's contentions);
>>
>> (2) a supporting memorandum addressing the applicable law and explaining why there are no genuine factual disputes to be tried and why the moving party is entitled to judgment as a matter of law; and
>>
>> (3) an appendix of documents referenced in the CSMF, although such documents need not be filed in their entirety as the relevant portions of each referenced document may be extracted and highlighted.
>
> LCvR 56.B.1-3.
>
> *To oppose a motion for summary judgment, a party must file its own:*
>
>> *(1) responsive CSMF admitting or denying whether each fact contained in the movant's CSMF is undisputed and/or material, setting forth the basis for any denial (with supporting record citations), and setting forth in separately numbered paragraphs any other facts that are allegedly at issue and/or necessary for the Court's consideration of the summary judgment motion;*
>>
>> (2) supporting memorandum addressing the applicable law and explaining why there are genuine factual disputes to be tried and why the moving party is not entitled to judgment as a matter of law; and
>>
>> (3) appendix of documents referenced in the responsive CSMF.
>
> LCvR 56.C.1-3. This Court "strictly adhere[s] to the summary judgment procedures set forth both by the Federal and Local Rules[,]" and failure to comply

can result in penalties including the Court deeming as admitted a movant's facts where the non-movant does not properly controvert them. See *Rozier v. United Metal Fabricators, Inc.*, No. 3:09-257, 2012 U.S. Dist. LEXIS 6200, *7 (W.D. Pa. Jan. 19, 2012) (citations omitted).

*Id.*, 2012 U.S. Dist. LEXIS 47631 at *7-8 (emphasis added).

Here, Defendant's filings comply with the Local Rules. However, Plaintiffs' response (Doc. No. 45) to Defendant's CSMF falls well short of the requirements imposed by LCvR 56.C.1. In fact, Plaintiffs' response fails to comply with every facet of the rule: it does not admit or deny whether every fact in Defendant's CSMF is undisputed and/or material, it does not set forth the basis for such admission or denial, it does not provide appropriate record citations to support such admissions or denials, and it does not set forth in separately numbered paragraphs any other material facts that are allegedly at issue and/or necessary for the Court's consideration of the motion for summary judgment. (See generally Doc. No. 45). Instead of following these clearly delineated requirements, Plaintiffs broadly claim that "[t]here are multiple disputes of material facts which preclude summary judgment," (*id.* at 1), make factual assertions without supporting record citations,[4] and reference materials not in the record.[5]

Because of these deficiencies, the Court may deem admitted the facts contained in Defendant's CSMF. See FED. R. CIV. P. 56(e)(2); *Rozier v. United Metal Fabricators, Inc.*, No. 3:09-257, 2012 U.S. Dist. LEXIS 6200, *7 (W.D. Pa. Jan. 19, 2012) (collecting cases); *Westfield Ins. v. Detroit Diesel Corp.*, No. 3:10-cv-100, 2012 U.S. Dist. LEXIS 64301, *3 (W.D. Pa. May 8, 2012) ("As a result of [plaintiff's failure to file a responsive CSMF], the facts contained in

---

[4] For example, Plaintiffs contend that the trooper who investigated the accident "forgot" to mark certain portions of the accident report form he completed. (Doc. No. 45 at 2). Plaintiffs cite to no record evidence, however, evincing the trooper's intentions, and the accident report itself provides no insight into what, if any, information the trooper did not include on the form or why he did not include it.

[5] Plaintiffs attempt to contradict a defense witness's conclusion by citing to a study conducted by the National Highway Traffic Safety Administration. (Doc. No. 45 at 3). Such action is improper as the study is not part of summary judgment record. Indeed, a copy of the study was not even submitted for the Court's consideration.

Defendants' CSMF are deemed admitted for summary judgment purposes pursuant to Local Rule 56.E."); *Kiser,* 2012 U.S. Dist. LEXIS 47631 at 8. Plaintiffs request that instead, the Court grant them another opportunity to controvert the Defendant's CSMF by considering their proposed amended response. (See Doc. No. 51 at 2-4). But the Court need not consider this amended response, see FED. R. CIV. P. 56(e)(2), and even if it did, the amended response does not cure the deficiencies of its predecessor.[6] Accordingly, the Court will treat the facts contained in Defendant's CSMF as undisputed and look to those facts alone for summary judgment purposes. See *Westfield Ins.,* 2012 U.S. Dist. LEXIS 64301 at *3 (noting that as a result of plaintiff's failings and pursuant to LCvR 56.C.1.c., the facts contained in defendants' CSMF are the "only material facts which are allegedly at issue and/or necessary for the Court's resolution of the instant summary judgment motion").

Having resolved this procedural matter,[7] the Court may now address which state's substantive law governs this action and the sufficiency of Plaintiffs' evidence.

### B.   Choice of Law

The parties disagree as to whether the substantive law of Virginia (where the accident occurred) or Pennsylvania (where the FR380 Tire was sold and installed) controls this case. In diversity actions such as this, a district court must determine which state's substantive law governs by applying the choice of law rules of the jurisdiction in which the court sits, here

---

[6] In this amended response, Plaintiffs continue to make conclusory assertions unsupported by proper record citation. (See e.g. Doc. No. 51 at ¶¶ 10-14). Moreover, neither of Plaintiffs' responses identifies evidence necessary for Plaintiffs to prevail. Notably missing is any evidence: (1) indicating that the FR380 Tire ruptured *before* Darlene Smith lost control of her vehicle; and (2) eliminating other potential causes of the accident. The implications of these failures are discussed *infra,* Part V C.

[7] Defendant also requests that the Court strike Plaintiffs' original response (Doc. No. 45) from the record for failure to comply with the Local Rules. (See Doc. No. 49). Striking this document from the record would serve no purpose as the facts in Defendant's CSMF have already been deemed admitted. Ironically, Defendant's motion also fails to comply with the Local Rules, (see LCvR 7.D stating that "[a]ll motions shall be accompanied by a proposed order of Court"), and the Practices and Procedures of this chambers, (see Section II.B. requiring that motions be supported by separately filed briefs). Accordingly, Defendant's motion to strike is denied.

Pennsylvania. *Garcia v. Plaza Oldsmobile LTD.*, 421 F.3d 216, 219 (3d Cir. 2005) (citations omitted). Applying these rules, Defendant argues that the Court should conclude that Virginia substantive law controls, while Plaintiff asserts that Pennsylvania substantive law will govern. (See Doc. 33 at 7-14; Doc. No. 46 at ¶¶ 13-14).

In *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit clarified how federal district courts should apply Pennsylvania's choice of law rules. Addressing the district courts' initial inquiry, the Third Circuit explained:

> If two jurisdictions' laws are the same, then there is no conflict at all, and a choice of law analysis is unnecessary. Thus, the first part of the choice of law inquiry is best understood as determining if there is *an actual or real conflict* between the potentially applicable laws. See, e.g., Air Prods. & Chems., 272 F. Supp. 2d at 490 n.9 ("Before we even reach the 'false conflict' question, we must determine whether, for lack of better terminology, a 'real conflict' as opposed to 'no conflict' exists; that is, we must determine whether these states would *actually treat this issue any differently*.").

*Id.*, 480 F.3d at 230 (emphasis added); see also *DOCA Co. v. Westinghouse Elec. Co., LLC*, No. 04-1951, 2011 U.S. Dist. LEXIS 88097, *37 (W.D. Pa. Aug. 9, 2011) (citing *Hammersmith* for the proposition that "the court must first determine whether there is an *actual difference* between the two states' laws. . . . If the two laws are the same, then further analysis is unnecessary.") (emphasis added).

In the case *sub judice*, the Court finds that there is no actual difference between the substantive law of Pennsylvania and Virginia governing Plaintiffs' theory of recovery. Here, Plaintiffs have not identified a specific defect in the FR380 Tire; instead, they attempt to establish the existence of a defect through circumstantial evidence and the absence of secondary causes of the crash.[8] Under Pennsylvania law, Plaintiffs may prevail under such a "malfunction

---

[8] Plaintiffs explain that they "have not pled or attempted to prove a specific defect in construction or design [of the FR380 Tire] that caused the malfunction. Rather, the defect or lack of fitness of the tire is evidenced by circumstantial evidence shows [sic] that the malfunctioned [sic] occurred in the absence of any secondary causes."

8

theory" by presenting "sufficient evidence from which a jury can infer that the injury was caused by a defect in the product beyond mere speculation." *Liberty Mut. Fire Ins. Co. v. Sharp Elecs. Corp.*, No. 08-cv-1678, 2011 U.S. Dist. LEXIS 71890, *7 (M.D. Pa. July 5, 2011) (citing *Barnish v. KWI Bldg. Co.*, 980 A.2d 535, 539 (Pa. 2009)). Thus, Plaintiffs may "prove a defect in a product with evidence of 'the occurrence of a malfunction and eliminating abnormal use or reasonable, secondary causes for the malfunction." *Id.*, 2011 U.S. Dist. LEXIS 71890 at *7 (quoting *Dansak v. Cameron Coca-Cola Bottling Co., Inc.* 703 A.2d 489, 496 (Pa. Super. Ct. 1997)). Similarly, under Virginia law, circumstantial evidence alone may be sufficient to establish product liability. *Sprouse v. Am. Tire Distribs.*, No. 3:08-CV-491, 2009 U.S. Dist. LEXIS 41405, *10 (E.D. Va. May 15, 2009) (citing *Wilder v. Toyota Motor Sales, U.S.A., Inc.*, 23 F. App'x 155, 157 (4th Cir. 2001)). However, without specific evidence of a defect, Plaintiffs "can defeat a summary judgment motion 'only if [their] evidence tends to eliminate all reasonable possibilities that some other party or cause is to blame for the accident, or if the facts are such that no other inference but the existence of a defect . . . is reasonable.'" *Wilder*, 23 F. App'x at 157 (quoting *Lemons v. Ryder Truck Rental*, 906 F. Supp. 328, 333 (W.D. Va. 1995)).

Under both Pennsylvania and Virginia law, Plaintiffs may proceed without direct evidence of a defect in the FR380 Tire if and only if they eliminate other reasonable causes of the accident. Because Pennsylvania and Virginia do not treat this issue differently, further choice of law analysis is unnecessary and the Court "may refer to the states' laws interchangeably." See *Hammersmith*, 480 F.3d at 229-30. Accordingly, the Court will examine the evidence regarding the cause of the accident.

---

(Doc. No. 46 at ¶ 3). Additionally, "Plaintiffs did not bring this action to criticize Defendants' [sic] warnings or instructions and do not now allege any negligence on the part of Defendants' [sic] personnel." (*Id.* at ¶ 7).

9

## C. Evidence – Cause of Accident

Although Plaintiffs contend that an unspecified defect in the FR380 Tire caused the accident, the undisputed material facts before the Court neither establish this contention nor eliminate other reasonable causes of the accident. As discussed above, a post-examination of the FR380 Tire reveals a rupture in its sidewall. (Doc. No. 34 ¶ 5; Doc. No. 32-5 at 7). Critically, however, no record evidence establishes when this rupture occurred; if the rupture did not precede Darlene Smith's loss of control of the vehicle, then it can hardly be said that the rupture caused the crash.

Even if the Court assumes that the FR380 Tire ruptured before the accident, there is no evidence of record establishing that such rupture was the result of a defect. The evidence properly before this Court—namely, Defendant's CSMF citing the report of a tire consultant/failure analyst—establishes that the FR380 Tire experienced a disablement (a rapid loss of air) as a result of a "localized road hazard impact." (Doc. No. 34 at ¶ 9). No evidence demonstrates what object the FR380 Tire struck or that a perfectly designed and manufactured tire could sustain such impact without suffering a disablement.

Additionally, Plaintiffs have failed to eliminate other reasonable causes of the accident proffered by Defendant: that high speed or operator error caused the crash instead of the rupture. (*Id.* at ¶ 13). Apart from mere speculation that a defect was to blame, Plaintiffs have offered no evidence to rule out these plausible alternatives. As discussed above at length, where a plaintiff proceeds without specifically identifying a defect, failure to eliminate such other reasonable causes is fatal to her claim.

"The mere fact of an accident is not enough to establish the existence of a defect[,]" *Wilder*, 23 F. App'x at 158 (citing *Logan v. Montgomery Ward & Co.*, 219 S.E.2d 685, 688 (Va.

1975)), and that is all Plaintiffs have presented here. Because all of Plaintiffs' claims are predicated on this unsupported allegation of defect, the Court will grant Defendant's motion for summary judgment.

## VI.    CONCLUSION

For the reasons stated above, Plaintiffs have failed to provide evidence either demonstrating that a defect in the FR380 Tire caused the accident or eliminating other reasonable causes. Accordingly, the Court will dismiss Plaintiffs' claims and **GRANT** summary judgment for Defendant. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE SMITH *and* GARY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-258 |
| ) | JUDGE KIM R. GIBSON |
| ) | |
| BRIDGESTONE RETAIL OPERATIONS, ) | |
| LLC *t/d/b/a* FIRESTONE COMPLETE ) | |
| AUTO CARE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 18th day of June 2012, upon consideration of the Motion for Summary Judgment (Doc. No. 32) filed by Defendant Bridgestone Retail Operations, and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Defendant and against Plaintiffs on all claims.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**