IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE SMITH *and* GARY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-258 |
| ) | JUDGE KIM R. GIBSON |
| ) | |
| BRIDGESTONE RETAIL OPERATIONS, ) | |
| LLC *t/d/b/a* FIRESTONE COMPLETE ) | |
| AUTO CARE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

### I.   SYNOPSIS

This matter comes before the Court on the Motion for Relief from Summary Judgment (Doc. No. 56) filed by Plaintiffs Darlene Smith and Gary Smith (collectively, "Plaintiffs"), which Defendant Bridgestone Retail Operations ("Defendant") opposes. For the reasons that follow, the Court will **DENY** the motion.

### II.   JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Venue is proper under 28 U.S.C. § 1391(b)(2).

### III.   BACKGROUND

This action stems from the personal injuries Darlene Smith sustained in a single-automobile accident in Fauquier County, Virginia. Plaintiffs filed suit in the Court of Common Pleas of Blair County, Pennsylvania under theories of strict products liability, breach of warranty, and negligence contending that an unspecified defect in their vehicle's right rear tire—

1

sold and installed by Defendant in Altoona—caused the accident. Defendant removed the case to this Court on October 12, 2010, and discovery was thereafter conducted.

Defendant moved for summary judgment on December 15, 2011, and upon consideration of the parties' briefs and filings, this Court granted summary judgment on June 18, 2012 (See Doc. No. 54) and entered judgment in favor of Defendant. The factual background of this case is incorporated by reference to the background section from the Court's prior memorandum (See Doc. No. 54 at 1-3). Plaintiffs filed the instant Motion for Relief from Summary Judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6) on June 28, 2012. Defendant filed a response in opposition (Doc. No. 57). The motion is now ripe for determination.

## IV.     LEGAL STANDARD

Rule 60(b)(1) and (b)(6) provide:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1), (6). "The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). A Rule 60(b) motion may not be used as a substitute for appeal; and legal error, without more, cannot justify granting a Rule 60(b) motion. See *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); see also *U.S. v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003). When determining whether it should grant the motion, it is within the court's discretion, and "that discretion will not be disturbed unless there was a clear abuse." *Hodge v. Hodge*, 621 F.2d 590, 593 (3d Cir. 1980), citing *Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967). Additionally, this Circuit has

2

noted that "[s]uch motions are to be granted only in exceptional circumstances." *Boughner*, 572 F.2d at 977; see also *FDIC v. Aler*, 234 F.2d 113, 117 (3d Cir. 1956); see also *U.S. v. Tuerk*, 317 F. Appx. 251, 253 (3d Cir. 2009) ("Rule 60(b) provides for relief from judgments involving mistake, inadvertence, surprise, or excusable neglect. However, relief under Rule 60(b) is extraordinary, and may only be invoked upon a showing of exceptional circumstances.") (internal citations omitted).

As to what constitutes excusable neglect, it has been made clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Serv. Co., v. Brunswick Assocs. Ltd., P'ship*, 507 U.S. 380, 395 (1993). As laid out in *Pioneer*, and previously articulated by this Court:

> the determination of what constitutes excusable neglect for purposes of relief from judgment is an equitable one, and thus, the Court must take into account all relevant circumstances, including: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant; and 4) whether the movant acted in good faith.

*Allstate Ins. Co. v. Kelly*, No. Civ. A. 05-276J, 2006 WL 1120674, *2 (W.D. Pa. Apr. 26, 2006). The Third Circuit has also affirmed the ruling that where an attorney's mistake of law forms the basis for a Rule 60(b) motion, relief is not available. See *Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82, 87 (W.D. Pa. 1972), *aff'd* 474 F.2d 1340 (3d Cir. 1973); see also *Tuerk*, 317 F.Appx. at 254 (finding that "the attorney's failure to respond was not an isolated incident," but rather, "part of a pattern of disregard for court orders during the course of proceedings," whereby there was no basis to "establish excusable neglect," and his attempt to argue excusable neglect on this record borders on frivolity."). Thus, the bar is set high for relief under Rule 60(b)(1). Equally high is the bar for relief under Rule 60(b)(6), which has been noted to be used only as "a grand reservoir of equitable power to do justice in a particular case." *Martinez-McBean v. Gov't of*

3

*V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) (citing 7 J. Moore, Federal Practice P 60.27(2) at 375 (2d ed. 1975)). As discussed above, while the determination of relief under Rule 60(b) is within the sound discretion of the trial court, the limits are the same for subsection (b)(6), such that relief "is available only in cases evidencing extraordinary circumstances." *Id.*

## V.  DISCUSSION

Plaintiffs assert two basic arguments in their motion.[1] First, they claim that despite their failure to file a proper responsive Concise Statement of Material Facts ("CSMF") to Defendant's motion for summary judgment, their subsequent request to amend their CSMF as presented in their response to Defendant's motion to strike should have been granted by the Court. Second, Plaintiffs make the assertion that if this request to amend had been granted, then they would have been able to properly dispute alleged facts by Defendant, thus meeting their burden to challenge the motion for summary judgment. In response, Defendant argues that the Court's determination—that the facts presented by Defendant on summary judgment were undisputed because of Plaintiffs failure to file a responsive CSMF—does not meet the threshold for granting a Rule 60(b) motion. Also, it contends that the additional facts alleged by Plaintiffs would not change the court's prior determination because those facts were already considered as part of Defendant's motion for summary judgment. For the reasons that follow, the Court agrees with Defendant, and finds no basis for reconsideration of its prior determination granting summary

---

[1] It should be noted that similar to the Court's finding in the prior memorandum, where Plaintiffs' failure to file a proper responsive concise statement of material facts ("CSMF"), in violation of the court's local rules; they have failed to follow the Court's Chamber Rules for motion filings. Instantly, Plaintiffs have only submitted a motion filing, but under Chamber Rules, are required to file a brief along with their motion. Specifically, Rule II.B provides that, "briefs in support of a motion shall be filed at the same time as the motion with respect to all motions except discovery motions, motions for extensions of time, and motions for continuance, for which no briefs are required." Practices and Procedures of Judge Kim R. Gibson, *available at* http://www.pawd.uscourts.gov/Documents/Judge/gibson_pp.pdf.

4

judgment in favor of Defendant.

With regard to Plaintiffs' first contention that the Court should have allowed them to amend their response to Defendant's CSMF, the Court notes that it did address this request in its prior memorandum. (See Doc. No. 54). While the request did not come in the form of a motion for leave to amend its response or motion to file a responsive CSMF,[2] Plaintiffs merely placed the request within a larger response filing. (See Doc. No. 51 at 1-2). Specifically, the Court noted that it "need not consider this amended response, see Fed. R. Civ. P. 56(e)(2), and even it if it did, the amended response does not cure the deficiencies of its predecessor." (Doc. No. 54 at 7). Plaintiffs' instant motion does not proffer any new legal argument or factual evidence that dictates why reconsideration should be granted. In fact, Plaintiffs' instant motion does not even provide an iota of legal authority for granting a Rule 60(b) motion on this basis. Plaintiffs cannot meet the threshold of excusable neglect in this case and the inability of Plaintiffs' counsel to comply with the Local Rules by not filing a responsive CSMF in the prior motion for summary judgment clearly does not provide a basis for reconsideration. As is partially evidenced by Plaintiffs' counsel not complying with the Court's Chamber Rules in the instant motion,[3] and by the failure to file a proper CSMF despite the amount of time allotted on the prior motion, there would seem to be a pattern of disregard in meeting proper filing requirements in this case.[4] And

---

[2] Local Rule 56.E provides in pertinent part that "[a]lleged material facts set forth in the moving party's [CSMF] . . . which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted *by a separate [CSMF] of the opposing party*." LCvR 56.E (emphasis added); see also *Rozier v. United Metal Fabricators, Inc.*, No. 3:09-257, 2012 U.S. Dist. LEXIS 6200, *7 (W.D. Pa. Jan. 19, 2012) ("Courts in this district have strictly adhered to the summary judgment procedures set forth both by the Federal and Local Rules, and have consequently deemed inadequately controverted facts as admitted for purpose of summary judgment.") (collecting cases).

[3] See n.1 above.

[4] It has been found that a party's procedural failure to comply with the Court's filing requirements as clearly set forth in the Local Rules could be tantamount to attorney malpractice in some instances. See e.g., *Gans v. Gray*, 612 F. Supp. 608 (E.D. Pa. 1985).

5

if anything, finding a showing of excusable neglect here, would seem to only prejudice the Defendant, who has met all requirements. For these reasons, the Court will not grant reconsideration of its determination of summary judgment on the basis of Plaintiffs' contention that they should have been allowed to file a responsive CSMF.

Having determined that the Court was correct in not granting Plaintiffs' request to amend their response to Defendant's CSMF on summary judgment, any such information in the amended response need not be considered. And as the Court reiterated in its prior memorandum, even if Plaintiffs' alleged facts concerning the Connolly Report were permitted to be part of an amended response, it would not yield any difference with regard to the instant motion. Because the Court considered this information as part of its determination of Defendant's motion for summary judgment, it found that the testimony of Connolly would still not tend to prove or disprove any facts material to the issue of defect or the cause of the tire dismemberment. (See Doc. No. 54 at 10). As such, Plaintiffs again fail to meet their burden of showing why relief from summary judgment should be granted in this case under Rule 60(b). For these reasons, and those articulated in the Court's prior memorandum, Plaintiffs' motion is **DENIED**.

## VI. CONCLUSION

For the reasons stated above, Plaintiffs have failed to meet their burden on seeking reconsideration of the prior judgment pursuant to Rule 60(b). Accordingly, the Court will **DENY** Plaintiffs' Motion for Relief from Summary Judgment. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE SMITH *and* GARY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-258 |
| ) | JUDGE KIM R. GIBSON |
| ) | |
| BRIDGESTONE RETAIL OPERATIONS, ) | |
| LLC *t/d/b/a* FIRESTONE COMPLETE ) | |
| AUTO CARE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**AND NOW**, this 15th day of January 2013, upon consideration of the Motion for Relief from Summary Judgment (Doc. No. 56) filed by Plaintiffs Darlene Smith and Gary Smith, and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**